# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HOLMES,<br><br>PLAINTIFF(S)<br>v.<br>JACQUELINE CHOOLJIAN,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:21-cv-03686-DDP (GJSx)<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* (Judge of this Court) |

**MAGISTRATE JUDGE RECOMMENDATION:**

☐ The Request to Proceed *In Forma Pauperis* is not supported by an adequate showing of indigency. It is therefore recommended that the Request to Proceed *In Forma Pauperis* be denied on this basis. **This recommendation is not intended to preclude the district judge from reviewing additional reasons to deny or grant the request.**

☐ The Request to Proceed *In Forma Pauperis* is supported by an adequate showing of indigency.

☒ Comments: See Attachment

May 25, 2021
Date                                         United States Magistrate Judge

---

**FOR DISTRICT JUDGE USE ONLY:**

☐ **IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* be **GRANTED.**

Date                                         United States District Judge

☒ **IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency        ☐ District Court lacks jurisdiction
☒ Legally and/or factually patently frivolous    ☒ Immunity as to   Defendant Jacquelin Chooljian
☐ Other:

Comments:

☐ **IT IS FURTHER ORDERED** that:

☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
☒ This case is hereby DISMISSED immediately.
☐ This case is hereby REMANDED to state court.

6-8-21
Date                                         United States District Judge

CV-73 (08/16)                ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**Attachment for Case No. 2:21-cv-03686-DDP (GJSx):**

The Complaint is brought pursuant to 42 U.S.C. § 1983 against a United States Magistrate Judge of the United States District Court for the Central District of California. Plaintiff complains that in a separate federal action in this District – Case No. 2:18-cv-04435-DDP (JCx) (the "18-4435 Case") – there have not been any hearings ordered at which all parties were to appear and there has not been any final ruling.[1] He alleges that his Fourteenth Amendment rights have been violated as a result of the failure to hold a hearing and render a final ruling.

The Complaint fails to state a claim upon which relief could be granted. Section 1983 applies only to unconstitutional actions taken by *state* actors and is inapplicable to allegedly unconstitutional acts taken by federal actors. The Defendant United States Magistrate Judge is a federal judge and any actions she allegedly took or failed to take in connection with the 18-4435 Case were those of a federal officer. No state action is alleged nor could it be alleged under the circumstances involved here.

Moreover, and critically, the Complaint is barred by the absolute immunity afforded federal judges acting in the performance of their federal duties. Judges are entitled to absolute judicial immunity for claims arising from judicial acts taken within the jurisdiction of their courts. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The Complaint alleges that the 18-4435 Case did not proceed in the manner in which Plaintiff believes was appropriate, *i.e.,* that there should have been a hearing and a final ruling. However liberally the Complaint is construed, it alleges no more than Plaintiff's unhappiness at the manner in which a federal judge handled the 18-4435 Case. Thus, this action is barred by the absolute immunity doctrine. This is a fundamental defect that cannot be rectified with amendment, and amendment would be futile.

---

[1]  In fact, the 18-4435 Case closed on May 11, 2021.